HENDERSON *v.* TAX RESEARCH BUREAU, INC.

[No. 18,863. Filed May 28, 1957. Rehearing denied June 28, 1957. Transfer denied September 17, 1957.]

*Rice & Cheatham, Marion J. Rice, Bert C. Cheatham, Jack N. Van Stone, Charles E. Henderson, pro se,* all of Evansville, for appellant.

*Isidor Kahn, Harry P. Dees, Arthur R. Donovan, Robert Kahn, Willard C. Shrode,* and *Kahn, Dees Donovan & Kahn, (of counsel),* all of Evansville, for appellee.

KELLEY, P. J.—The facts, pleadings, contentions, ruling, judgment and governing principles in this appeal are substantially identical with those in the case of *Charles E. Henderson* v. *Evansville Press, Inc.,* No. 18,864, decided this day, with the exception that the report published by appellee in this case is garbled and a substantial part thereof is unintelligible and the date of publication is alleged to be unknown. The briefs filed by the parties in this case are identical with those filed in said Evansville Press, Inc., case and the same arguments are advanced.

For sake of clarity we set forth the published article as it appears in the complaint:

"REEVES SAYS LAWYER'S PLEA FOR SPECIAL JUDGE 'SHYSTERISM.'

"Circuit Judge Ollie C. Reeves today termed a lawyer's request for a special judge in a case scheduled for trial by jury Monday as 'one of the lowest forms of shysterism.' The rebuke, one of the strongest court attaches could 11, was made against attor Charles Henderson.
est for a jurist to replace eeves was made in writ and aigned by Alson H. whose trial on a second lary court has ben y.
.W. Franklin st. discovered only e Reeves would is case. s' blast, Mr. Hat a contin said that Hender to file nd had pre he an important witness hadn't been summoned through no fault of his. Under Indiana's change of venue law, a last-, inute request for a special judge must be granted if the defendant only then learns of a judge's prejudice. Judge Reeves granted Mr. Henderson's request, and Attorney William Welborn was selected to hear the case. He did not accept today and the 24 jurors that were to have heard the case Monday are to be notified that the trial is postponed."

Upon the authority and for the reasons given in *Charles E. Henderson* v. *Evansville Press, Inc.*, No. 18,864, ante, at pg. 592, the judgment is reversed with directions to overrule the demurrer to the complaint herein, and for further proceedings.

NOTE.—Reported in 142 N. E. 2d 926.